UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA MARIE MARINOBLE,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:22-cv-00209 CKD<br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the undersigned Magistrate Judge will recommend that plaintiff's motion for summary judgment be granted and the Commissioner's cross-motion for summary judgment be denied.

BACKGROUND

Plaintiff, born in 1993, applied on May 16, 2019 for SSI, alleging disability beginning February 3, 1993. Administrative Transcript ("AT") 15, 22, 175-80. Plaintiff alleged she was unable to work due to emotional, mental and learning problems. AT 201. In a decision dated

February 24, 2021, the ALJ determined that plaintiff was not disabled.[1] AT 15-23. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since May 16, 2019, the application date.
>
> 2. The claimant has the following severe impairments: unspecified depressive disorder and generalized anxiety disorder.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations. The claimant is able to understand,

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

      remember and apply simple repetitive routine tasks involving no teamwork or quotas or pace, no public interaction, and only superficial interaction with coworkers and supervisors.

      5. The claimant has no past relevant work.

      6. The claimant was born on XX/XX/1993, which is defined as a younger individual age 18-49, on the date the application was filed.

      7. The claimant has at least a high-school education.

      8. Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.

      9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.[2]

      10. The claimant has not been under a disability, as defined in the Social Security Act, since May 16, 2019, the date the application was filed.

AT 17-23.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in weighing the medical opinions; (2) the ALJ erred in discounting plaintiff's subjective testimony; (3) the ALJ erred in discounting the lay witness statement of plaintiff's mother; and (4) the ALJ's formulated residual functional capacity was impermissibly vague.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is

---

[2] The ALJ found that plaintiff could perform the requirements of jobs such as janitor, price marker, and routing clerk. AT 22-23.

responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

    A.  Medical Opinions

Plaintiff asserts that the ALJ erred in evaluating the opinions of treating psychiatrist Dr. Smita Reddy and examining psychologist Dr. Sara Borrowman.

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014); see also Marsh v. Colvin, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

The Ninth Circuit previously has required that, in order to reject an uncontradicted opinion of a treating or examining physician, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017); Ghanim v. Colvin, 763 F.3d 1154, 1160-61 (9th Cir. 2014). Alternatively, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only

reject it by providing specific and legitimate reasons that are supported by substantial evidence." Trevizo, 871 F.3d at 675.

However, for disability applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg 5844-01 (Jan. 18, 2017). Because Plaintiff filed her SSI application on April 24, 2017, it is subject to the new rules for the evaluation of medical evidence.

The revised rules provide that adjudicators for the Social Security Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources, including the claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how she considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). When a single medical source provides multiple opinions and findings, the ALJ must articulate how they were considered in a single analysis. 20 C.F.R. § 416.920c(b)(1).

   1.  Dr. Reddy

Plaintiff began receiving psychiatric treatment from Dr. Reddy in October 2018, roughly six months before the disability application date. AT 337, 340. Plaintiff met with Dr. Reddy in December 2018 and again in January 2019, when Dr. Reddy referred her for a full battery of

psychological tests and to rule out intellectual disability.[3] AT 349, 352-53.

On September 19, 2019, Dr. Reddy completed a mental disorder questionnaire. Though it appears to be a five-page report, pages 2 and 4 are missing from the administrative record. AT 334-36. Dr. Reddy indicated that she had seen plaintiff monthly for eleven months, starting in October 2018. AT 336. In the three pages of the report included in the record, Dr. Reddy noted that plaintiff's "mother helps with appointments"; that plaintiff has "difficulty interacting with others, irritability"; and that she "doesn't get along with others" though "medication has improved irritability and motivation." AT 334. Dr. Reddy reported that plaintiff's "affect is flat" and that she has "mood swings" and "reacts to others explosively. Patient feels she gets angry very easily." AT 335. In response to a question about plaintiff's current level of functioning, Dr. Reddy wrote: "Inability to obtain and maintain employment, cannot cook or prepare food, limited housekeeping, minimal grooming, fair hygiene, inappropriate dressing." AT 335. Dr. Reddy diagnosed plaintiff with generalized anxiety disorder, unspecified affective disorder, and borderline intellectual functioning. AT 336. In response to a question about plaintiff's prognosis, Dr. Reddy wrote: "Patient will not improve beyond moderate control of anger[.]" AT 336. Dr. Reddy opined that plaintiff was not capable of managing funds on her own behalf and referred to neuropsychological tests. AT 336. Dr. Reddy met with plaintiff again in December 2019, January 2020, and February 2020. AT 385-89, 391, 394.

The ALJ's decision cites Dr. Reddy's diagnoses of unspecified depressive disorder and generalized anxiety disorder. AT 17, citing AT 343. The ALJ also cites Dr. Reddy's treatment notes concerning plaintiff's irritability and difficulty interacting with others; and mental status exams, which showed poor grooming and hygiene, poor eye contact, restricted range of affect, questionable insight, and slightly irritable mood, but were otherwise normal. AT 20-21, citing AT 338, 340, 346, 361, 386.

---

[3] Dr. Reddy's treatment notes mentioned that plaintiff, who was adopted as a baby, was exposed to alcohol throughout her biological mother's pregnancy, possibly resulting in fetal alcohol syndrome. AT 339. Elsewhere in the record, plaintiff's IQ was noted as 72; since childhood, she had a history of learning, disciplinary, and interpersonal problems. AT 370, 372.

However, the ALJ does not mention Dr. Reddy's September 2019 opinion, and defendant does not dispute that the ALJ failed to consider it. Plaintiff argues that the ALJ's failure to consider a treating physician's opinion is harmful error. Defendant counters that any such error is harmless, as plaintiff has not shown that crediting Dr. Reddy's 2019 opinion would have established functional limitations beyond those in the RFC (limiting plaintiff to "simple repetitive routine tasks involving no teamwork or quotas or pace, no public interaction, and only superficial interaction with coworkers and supervisors").

In Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022), the Ninth Circuit clarified that, under the revised regulations for evaluating medical opinions, ALJs need not provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion, as such opinions are no longer entitled to "special weight." However:

> Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, id. § 404.1520c(b)(2).

Id.; see P.H. v. Saul, No. 19-cv-04800-VKD, 2021 WL 965330, at *3 (N.D. Cal. Mar. 15, 2021) ("Although the regulations eliminate the 'physician hierarchy,' deference to specific medical opinions, and assigning 'weight' to a medical opinion, the ALJ must still 'articulate how [he] considered the medical opinions' and 'how persuasive [he] find[s] all of the medical opinions.'")

Under this standard, the ALJ's decision to ignore Dr. Reddy's 2019 opinion was error. The ALJ did not consider the factors of supportability and consistency with respect to Dr. Reddy's opinion, nor did he explain how persuasive he found it. In the absence of any discussion of Dr. Reddy's opinion, the court cannot supply speculative reasons as to why the ALJ apparently discounted it. Moreover, because two pages of the treating physician's five-page opinion were missing from the record, the ALJ had a duty to develop the record by obtaining (or attempting to obtain) the missing pages.

Defendant argues that, even though the ALJ didn't evaluate Dr. Reddy's opinion, it was consistent with the RFC's mental limitations. However, Dr. Reddy opined that plaintiff was unable to "obtain and maintain employment," that her intellectual functioning was borderline, and that she was unable to fully control her anger problems—all raising questions about whether plaintiff was capable of performing even a simple job with few social demands. Thus, the ALJ's error was not harmless. Plaintiff is entitled to summary judgment on this claim.[4]

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether the claimant was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed, including asking a vocational expert hypothetical questions about available jobs based on a

---

[4] The court does not reach the remaining claims.

revised RFC. The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 10) be granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 12) be denied; and

3. The matter be remanded for further administrative proceedings consistent with this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 1, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/marinoble209.ssi.ckd.f&rs